IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNETH RICHARDS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-0690 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Petitioner, a state inmate proceeding *pro se*, filed this section 2254 petition challenging his state conviction. Respondent filed a motion for summary judgment based on expiration of limitations (Docket Entry No. 8), to which petitioner responded (Docket Entry No. 9).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS summary judgment and DISMISSES this case as barred by limitations.

*Background and Claims*

Petitioner was convicted of possession of a cell phone in prison on March 6, 2007, and sentenced to twenty-five years incarceration. The conviction was affirmed on appeal, *Richards v. State*, No. 10-07-00124-CR, 2008 WL 5473044 (Tex. App. – Waco 2008, pet. ref'd), and the Texas Court of Criminal Appeals refused discretionary review on August 19, 2009. Petitioner did not pursue relief in the United States Supreme Court.

Petitioner filed an application for state habeas relief on November 18, 2010, which the Texas Court of Criminal Appeals denied on January 19, 2011. The instant federal habeas petition was filed on February 11, 2011.

Respondent moves for summary judgment, arguing that petitioner's claims are barred by the applicable one-year statute of limitations under 28 U.S.C. § 2244(d).

*Analysis*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>   (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

Petitioner agrees with respondent's allegation that limitations expired in petitioner's case on November 17, 2010, absent statutory tolling. (Docket Entry No. 9, p. 2.)

Limitations is tolled under the statute during the pendency of a properly filed application for state habeas relief. *Id.*, § 2244(d)(2). However, an application for state habeas relief filed *after* expiration of the federal limitation has no tolling effect. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Petitioner argues that his state habeas application was filed on October 12, 2010, prior to expiration of limitations. Respondent contends that the state habeas application was not filed until November 18, 2010, after expiration of limitations. As proof of filing, petitioner looks to the date he placed his application in the prison mailbox system; respondent, on the other hand, looks to the date the application was file-stamped as received by the state district clerk. The thirty-six day difference between the two dates is unexplained in the record. Thus, at issue is whether the "mailbox rule" applied to petitioner's state habeas application such that it was timely filed for purposes of the federal AEDPA limitation.

The Fifth Circuit Court of Appeals has "decline[d] to extend the mailbox rule to the determination of filing dates for state habeas applications." *Coleman v. Johnson*, 184 F.3d

3

398, 402 (1999). This remains the current applicable law in this circuit as to cases arising under Texas state law. *See Doak v. Quarterman*, 271 F. App'x 466, 2008 WL 867921 (5th Cir. 2008); *Howland v. Quarterman*, 507 F.3d 840, 843–45 (5th Cir. 2007).

Accordingly, the instant petition is barred by limitations, and respondent is entitled to summary judgment dismissal of this lawsuit.

## *Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 9) is GRANTED. The petition for a writ of habeas corpus is DENIED, and this case is DISMISSED WITH PREJUDICE. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas on October 28, 2011.

_____
Gray H. Miller
United States District Judge